Ray **MARSHALL, Secretary of Labor of the United States Department of Labor, Plaintiff-Appellee,**

v.

**PARKING COMPANY OF AMERICA–DENVER, INC., Defendant-Appellant.**

No. 80–1565.

United States Court of Appeals, Tenth Circuit.

Feb. 3, 1982.

Paul A. Baca, Denver, Colo., for defendant-appellant.

Peter B. Dolan, Atty., U.S. Dept. of Labor, Washington, D.C. (Carin Ann Clauss, Sol. of Labor, Donald S. Shire, Assoc. Sol., Mary-Helen Mautner, Atty., U.S. Dept. of Labor, Washington, D.C., Tedrick A. Housh, Jr., Regional Sol., Kansas City, Mo., with him on the brief), for plaintiff-appellee.

Before SETH, Chief Judge, BREITENSTEIN, Circuit Judge, and KUNZIG,[*] Judge.

PER CURIAM.

This is an action brought by the Secretary of Labor under the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) against Parking Company of America-Denver seeking back pay and reinstatement for Mr. Ray Swann who had been employed by the Company. He had been the attendant at a parking garage operated by the Company.

The trial court held that Mr. Swann had been discharged in violation of section 15(a)(3) of the Act, and that he was due back pay for overtime. The Company has taken this appeal. The parties stipulated as to facts establishing coverage by the Act.

The issues on appeal are factual. The record shows that an official review of the wage and overtime practices of the Company was being conducted in December. The representative of the Wage and Hour Division determined that Mr. Swann was due

$1,300 in back pay for overtime. The Company and the employee were so advised about December 20. Several days thereafter Mr. Swann was asked by the Company to take a lie detector test. The test was administered and a few days later he was called to meet with his supervisor and with the Company president. He was there told that he had failed the test and was discharged. The test and the meetings were directed to what had taken place during his vacation some four months before. The Company practice was to compare the average daily amounts of reported receipts from the lot or garage for periods before, during, and after vacations of the attendants. Mr. Swann had been notified by letter of October 4 that the receipts reported from the garage where he worked were greater during the time he was on vacation than before and after the vacation. No action was taken by the Company other than to send the letter. The Company president testified that he did not intend to fire Mr. Swann at the time the letter was sent, and further stated that the employee was doing a pretty good job. As indicated above, the concern with the variations in receipts came after the Wage and Hour Division made its review.

There is no substantial conflict in the testimony as to the fact of discharge of Mr. Swann on January 17. There was a conflict in the testimony as to the reason for the discharge. The trial court found that the reason was Mr. Swann's refusal to give up his claim to back pay.

The record shows that after the January 17 meeting in the Company office Mr. Swann and his immediate supervisor walked downstairs where a further conversation was had between the two. The trial court accepted the version of this conversation which was that the supervisor told Mr. Swann if he would release the back pay claim the Company would forget the lie detector test. This finding was based on substantial evidence before the trial court,

* Honorable Robert L. Kunzig, Judge of the United States Court of Claims, sitting by designation.

and is a typical resolution of a factual dispute. Fed.R.Civ.P. 52(a); *Ahern v. Veterans Administration*, 537 F.2d 1098 (10th Cir. 1976).

The finding as to the reason for discharge and the fact of discharge demonstrate a violation of the Act (section 15(a)(3)), *and see Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179 (8th Cir. 1975).

The trial court also found that Mr. Swann had taken the required steps to mitigate damages in seeking employment after his discharge by the defendant. This finding is also supported by the record as is the computation of wages lost. As part of the remedy contemplated in actions of this nature, the trial court ordered that reinstatement be offered.

AFFIRMED.