## CIRCUIT COURT OF FAIRFAX COUNTY

Richard L. Shields

v.

PC-Expanders, Inc., et al.

### Case No. (Law) 119505

### April 14, 1993

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the defendants' Demurrers to the plaintiff's Amended Motion for Judgment. The Court heard oral argument on other Demurrers and on the motions on March 18, 1993, and at that time denied the defendants' Pleas in Bar, Motion for Change of Venue, and Motion for Protective Order Against Discovery. The Court granted plaintiff's Motion to Compel Discovery Responses and denied plaintiff's Motion for Sanctions. Plaintiff's Motion to Strike the Pleas in Bar was withdrawn as moot. The Court took the Demurrers were taken under advisement at that time. For the reasons stated below, the Demurrer of PC-Expanders, Inc., is overruled in part and sustained in part, and the Demurrers of Shafagh Mohibbi and Vanguard Technologies, Inc., are overruled.

The Amended Motion for Judgment alleges that between October 1990 and December 1991 plaintiff was employed by PC-Expanders and Vanguard; that he was not paid overtime for his work, in violation of certain federal regulations; that he complained to the U.S. Department of Labor about his lack of overtime pay; and that he was discharged by the defendants in retaliation for that complaint. Count I seeks recovery under federal statutes for non-payment of overtime. Count II seeks damages under federal statutes for retaliatory discharge by the defendants. Count III seeks damages for retaliatory discharge as

a violation of Virginia public policy. The defendants have demurred to all counts on a variety of grounds.

The three defendants demurred to the original Motion for Judgment in separate demurrers. By agreement of counsel for the plaintiff and the defendants, the original demurrers were withdrawn without prejudice to reasserting them, and the plaintiff voluntarily agreed to amend the Motion for Judgment. A single demurrer was filed to the Amended Motion for Judgment. It was unclear whether that demurrer was filed on behalf of PC-Expanders, Inc., only, or on behalf of all three defendants. At oral argument, the Court granted Vanguard's and Mohibbi's motions to argue their demurrers to the original Motion for Judgment as demurrers to the Amended Motion for Judgment.

The Court will address first the Demurrer by PC-Expanders. Paragraph One of the Demurrer incorporates the Demurrer to the original Motion for Judgment "by reference for the reasons provided below." The Court finds that the grounds contained in the original Demurrer are also found in the Demurrer to the Amended Motion for Judgment, and my rulings on the balance of the Demurrer to the Amended Motion for Judgment will serve to address any grounds contained in the original Demurrer.

The Demurrer to Count I of the Amended Motion for Judgment (that Count I fails to establish a *prima facie* case of non-payment of overtime compensation) is overruled. A *prima facie* case is established by the Amended Motion for Judgment because plaintiff has alleged this. The Demurrer raises issues of fact that must be decided at trial, not on Demurrer.

The Demurrer to Count II of the Amended Motion for Judgment (that Count II fails to establish a *prima facie* case of retaliatory discharge) is overruled. Plaintiff alleges that he "complained" to the U.S. Department of Labor, which is sufficient to trigger protections under § 215(a)(3) of the Fair Labor Standards Act of any employee who has "filed any complaint." The notion of "filing a complaint" is a liberal and remedial one, and plaintiff's allegation of having "complained" is sufficient. The Court finds that the incorporation of Count I into Count II of the Amended Motion for Judgment is proper. Finally, although lengthy and awkward, paragraph 15 of the Amended Bill of Complaint is not plainly ambiguous and is not the basis for a Demurrer.

The Demurrer to Count III of the Amended Motion for Judgment (that Count III fails to establish a *prima facie* case of retaliatory dis-

charge as a violation of Virginia public policy) is sustained. The Demurrer to Count III raises the following questions.

First, should the public policy exception to the doctrine of at-will employment be invoked when a statutory remedy otherwise exists?

Second, what is the legal significance of applying the federal remedy in this proceeding?

*Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985), affirmed the common law doctrine of employment-at-will in Virginia. It also established a limited exception to that doctrine and noted limited exceptions that other states have made while upholding the integrity of the doctrine. In *Bowman*, individuals who were both employees and stockholders were subjected to retaliatory discharge for refusal to vote their stock in favor of a corporate merger. The Supreme Court of Virginia noted that § 13.1–32 of the Code of Virginia confers on stockholders the right to vote and contemplates the right to vote free of duress and intimidation by corporate management. "In order for the goal of the statute to be realized and the public policy fulfilled," the Supreme Court recognized an exception to the at-will doctrine. *Bowman*, 229 Va. at 540. Later in *Miller v. SEVAMP, Inc.*, 234 Va. 462, 362 S.E.2d 915 (1987), the Supreme Court of Virginia noted that *Bowman* applied a narrow exception to the employment-at-will doctrine but fell far short of recognizing a generalized cause of action for the tort of "retaliatory discharge." *Miller*, 234 Va. at 467–468. Indeed, the General Assembly of Virginia has enacted statutes providing a cause of action for "retaliatory discharge" under specific circumstances (such as discrimination against persons with disabilities, §§ 51.01–41 and 51.01–46; employees who file safety or health complaints, §§ 40.1–51.2:1 and 40.1–51.2:2; and employees who make workers' compensation claims, § 65.1–40.1).

In *Miller*, the Supreme Court declined to recognize an additional public policy exception for retaliatory discharge because the alleged retaliatory act affected only private rights established by a personnel manual; the alleged acts did not violate public policy abridging laws designed to protect the property rights, personal freedoms, health, safety or welfare of the public in general. *Miller*, 234 Va. at 468. I find that the retaliatory discharge alleged in the instant case would indeed violate public policy, not merely private rights. I also find, however,

that an adequate remedy exists under federal law for such violation. The issue then becomes whether the existence of that federal remedy should dissuade this Court from recognizing the alleged violation as a public policy exception to the at-will doctrine of employment in Virginia. I find that it should. By their nature, exceptions to the doctrine of at-will employment should be limited to those unique circumstances where the exception is both appropriate and necessary. I find here that the exception is appropriate, but unnecessary because of the existence of the federal statutory remedy. Unlike *Bowman*, here the goal of the statute can be fulfilled through the remedy provided by the statute itself. An additional remedy, fashioned through a public policy exception to the at-will employment doctrine, is not needed.

Most cases finding a public policy exception to at-will employment "share the common denominator of a clear, legislatively expressed public policy which would be effectively thwarted *without a judicially created remedy.*" Marshall & Wicker, *The Status of the At-Will Employment Doctrine in Virginia after Bowman v. State of Keysville*, 20 U. Rich. L. Rev. 267, 277 (1986) (emphasis added).

The federal rather than state nature of the remedy given to the plaintiff here requires no different a holding. The federal statute provides a remedy that is extensive and ample. In such circumstances, for this Court to recognize a public policy exception as well would serve little or no benefit to the employee and would run contrary to the principle that exceptions to the at-will doctrine of employment should be created only where needed. For these reasons, the Demurrer to Count III of the Amended Motion for Judgment is sustained.

The grounds of the Demurrer provided in Paragraphs 10 and 12 of the Demurrer are overruled. The Court also overrules the grounds provided in Paragraph 11 of the Demurrer, based on plaintiff's oral amendment of Paragraph 9 of the Amended Motion for Judgment at the hearing to substitute "prescribed" for "proscribed."

The demurrer to the prayer for relief contained in the Amended Motion for Judgment is overruled, except that Paragraph 3 of the prayer for relief (seeking relief under Count III of the Amended Motion for Judgment) is dismissed because the Demurrer as to Count III has been sustained. The Court finds that the nature and specificity of the damages sought in the prayer for relief is adequate to withstand a demurrer. In addition, because § 216(b) of the Fair Labor Standards Act provides that an employer in violation of the Act "shall be liable

for such legal or equitable relief as may be appropriate to effectuate the purposes of § 215(a)(3)," and because it is alleged that defendants' actions were conscious and in utter disregard of plaintiff's rights, defendants' claim that the federal statutes do not permit plaintiff's recovery for punitive damages is rejected.

The Demurrers by defendants Vanguard and Mohibbi are overruled on the grounds that there are sufficient allegations that these defendants are "employers" under § 203(d) of the Fair Labor Standards Act.

### September 30, 1993

BY JUDGE F. BRUCE BACH

This matter is before the Court on the Motion for Summary Judgment brought by defendants, PC-Expanders, Shafagh Mohebbi, and Vanguard Technologies. Oral argument was presented on August 30, 1993, at which time summary judgment was denied as to Count 1, Non-payment of Overtime. The Court then took the motion under advisement as to Count 2, Retaliatory Discharge. Counsel submitted supporting memoranda on what constitutes a "complaint" under the Fair Labor Standards Act § 15(a)(3), 29 U.S.C. § 215(a)(3) (1992). Motion for Summary Judgment as to Count 2, Retaliatory Discharge, is denied in part and granted in part.

Under Rule 3:18 of the Rules of the Virginia Supreme Court, a motion for summary judgment may be granted only upon the Court's determination that no material facts are in dispute. The agreed facts are as follows.

1. In November 1991 Mr. Shield's spoke with the defendant employer about the number of overtime hours he was working and asked for a reduction in hours. Overtime pay was not discussed at that time. ("November 1991 conversation")

2. Some weeks prior to his discharge, Mr. Shields contacted the Department of Labor about receiving inadequate payment for overtime hours worked. ("Department of Labor contact")

3. Mr. Shields and co-workers conversed about overtime pay and the Department of Labor contact while on the work premises. ("co-worker conversations")

As to the November 1991 conversation between Mr. Shields and his employer, the Court finds no material facts in dispute and grants summary judgment, as the facts fail to establish a Fair Labor Standards Act

("FLSA") complaint. Defendants allege and Mr. Shields affirms, in his response to Interrogatory # 4, that the discussion was limited to the number of overtime hours required, not non-payment of overtime. *Defendants' Response to Plaintiff's Supplemental Opposition Brief to Defendants' Motion for Summary Judgment*, Exhibit A. Because Mr. Shields did not overtly claim an infringement of his FLSA protected right to overtime pay, this conversation does not constitute a FLSA complaint.

With regard to the Department of Labor contact, the Court liberally construes the term "complaint" to include a conversation with the governmental oversight agency. *See, e.g., Brock v. Richardson*, 812 F.2d 121 (3rd Cir. 1987); *Daniel v. Winn-Dixie Atlanta, Inc.*, 611 F. Supp. 57 (N.D. Ga. 1985). However, the Court's recognition of the Department of Labor contact as a complaint is not dispositive of the motion. Summary judgment must be denied where, as in this matter, material facts concerning causality, an element of the Retaliatory Discharge claim, remain unresolved. *Daniel v. Winn-Dixie Atlanta, Inc.*, 611 F. Supp. at 58. Mr. Shields' Motion for Judgment and discovery responses consistently allege defendants' knowledge of his complaint while defendants repeatedly deny knowledge. Accordingly, summary judgment is denied as to the Department of Labor contact.

Lastly, Mr. Shields' response to Interrogatory # 7 clarifies that co-worker conversations were subsequent to and concerned the Department of Labor contact. *Defendants' Response Mem.* at Exhibit A. The Court, therefore, treats plaintiff's references to co-worker conversations as an attempt to establish defendants knowledge of the Department of Labor contact, and not as an assertion of a separate complaint. No further analysis is required.

Defendants' Motion for Summary Judgment is granted as to the November 1991 conversation and denied as to the Department of Labor contact.