**William Tod FRY, Appellant,**

v.

**IOWA CITY, a Municipal Corporation of the State of Iowa; and James E. Pumfrey, Appellees.**

No. 94–552.

Court of Appeals of Iowa.

June 27, 1995.

John A. Stitely of William F. Olinger Law Firm, Cedar Rapids, for appellant.

David E. Brown of Hayek, Hayek, & Brown, Iowa City, for appellees.

Heard by HAYDEN, P.J., and SACKETT and CADY, JJ.

HAYDEN, Presiding Judge.

William Tod Fry was hired by the Iowa City Fire Department on April 8, 1991, on a probationary basis. Although Fry was given a copy of the union contract when he first became employed, he was notified in writing if he was terminated during his probationary period he would have no recourse through the Civil Service Commission or the union contract.

In October 1993 Fry had a six-month evaluation which was mostly favorable, and he received an advance on the pay scale. The evaluation noted Fry "has an obvious problem with women." After nine months on the job Fry was again evaluated. On February 14, 1992, Fire Chief James E. Pumfrey wrote to Fry informing him he was discharged. Pumfrey gave several reasons for the decision, including Fry's lack of initiative, poor work habits, and unacceptable attitude when he was asked to attend a basic fire fighting academy.

Fry filed a petition against the City of Iowa City and Pumfrey alleging he was discharged in retaliation for his inquiry into possible violations of wage and hour regulations. He claimed his employers violated federal and state law. Fry also alleged his employers were in breach of contract.

The trial court rejected Fry's claims. The court found Fry had failed to prove his attempt to investigate overtime pay was a determining factor in his discharge. The court further found Fry was a probationary employee and not entitled to benefits and rights under the union contract; therefore, he could be terminated for no cause.

Fry appeals. He raises three issues. First, Fry alleges the true reason for his discharge was he inquired about overtime pay, and this constitutes a violation of federal law. Second, Fry argues his employers violated Iowa Code section 400.8(3) (1991) because the reasons given for his discharge were pretextual. Third, Fry contends he does have a right of action under the union contract because the City's actions gave rise to his reasonable expectation he would be subject to its terms.

### I. Scope of Review.

Because this case was tried in equity, our scope of review is de novo. Iowa R.App.P. 4. Nevertheless, this court gives weight to the fact findings of the trial court, particularly when the credibility of witnesses is at issue; we are not, however, bound by the trial court's factual findings. Iowa R.App.P. 14(f)(7).

### II. Fair Labor Standards Act.

■ The Federal Labor and Standards Act (FLSA) provides it shall be unlawful for any person

> to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in

any such proceeding, or has served or is about to serve on an industry committee. 29 U.S.C. § 215(a)(3) (1991).

■ Although the language of the statute seems clear enough, courts have repeatedly been asked to interpret what conduct is protected under this section. The section has been liberally construed, consistent with its broad remedial purpose. *See, e.g., Saffels v. Rice*, 40 F.3d 1546, 1549–50 (8th Cir.1994) (employees who are discharged due to employer's mistaken belief they reported violations of the FLSA to authorities are protected under section 215(a)(3)); *Brock v. Casey Truck Sales, Inc.*, 839 F.2d 872, 879 (2d Cir.1988) (section 215(a)(3) covers employees who refuse to repudiate, in a "loyalty oath," rights guaranteed to them under the FLSA); *Love v. RE/MAX of Am., Inc.*, 738 F.2d 383, 387 (10th Cir.1984) (section 215(a)(3) covers employees who, in addition to filing a complaint or instituting a formal proceeding, have been terminated after sending a memorandum to their employer requesting a raise); *Marshall v. Parking Co. of America–Denver, Inc.*, 670 F.2d 141, 143 (10th Cir. 1982) (per curiam) (section 215(a)(3) protects employees who refuse to release back pay claims or return back pay awards to their employers); *Daniel v. Winn–Dixie Atlanta, Inc.*, 611 F.Supp. 57, 63 (N.D.Ga.1985) (section 215(a)(3) protects employees who communicate with investigators from the Wage and Hour Division). "Courts have therefore not hesitated to apply the protection of section 215(a)(3) to activities less directly connected to formal proceedings where retaliatory conduct has a similar chilling effect on employees' assertion of rights." *Brock*, 839 F.2d at 879.

■ Fry argues the reasons given for his discharge were pretextual and the true reason, inquiring about overtime pay, constitutes a violation of section 215(a)(3). "When 'the immediate cause or motivating factor of a discharge is the employee's assertion of statutory rights, the discharge is discriminatory under § 215(a)(3) whether or not other grounds for discharge exist." *Love*, 738 F.2d at 387 (quoting *Brennan v. Maxey's Yamaha, Inc.*, 513 F.2d 179, 181 (8th Cir.1975) (further citations omitted)). If retaliation is not the motivating factor, then the discharge is not unlawful. *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1408 (10th Cir. 1992).

We have carefully examined the record. We find it is clear retaliation was not the motivating factor for Fry's discharge. Defendants offered ample evidence of Fry's poor attitude, borderline insubordination in response to his being ordered to attend a training school, performance weaknesses, and problems with work initiative. These were the reasons Fry was discharged. We affirm the trial court on this issue.

### III. *Iowa Code Chapter 400.*

■ Fry further asserts his discharge for invalid reasons violates the Iowa Civil Service Law, found in Chapter 400 of the Iowa Code. Iowa Code section 400.8(3) provides a fire fighter is on probation for twelve months and he may be removed during the probationary period. Under section 400.8(3), all that is necessary for removal is Fry "be given a notice in writing stating the reason or reasons for the dismissal." The trial court found Chief Pumfrey complied with this requirement and the reasons he gave were reasonable and valid. We agree with the trial court. We also affirm on this issue.

### IV. *Union Contract.*

■ Lastly, Fry claims he is entitled to benefits and rights under the union contract. Fry was given a copy of the union contract at the time he was hired. He was also given written notice he had no recourse to termination of his employment through the contract. Fry testified he knew he was on probation and could be fired for any reason.

In this case, it was the understanding of both the employer and employee the union contract would not be the basis of an employment contract until the probationary period had been completed. Fry cannot now claim in good faith he could only be terminated for cause as provided in the union contract. He was not covered by it.

We affirm the trial court on all issues presented. Costs on appeal are taxed to Fry.

**AFFIRMED.**