## CIRCUIT COURT OF FAIRFAX COUNTY

McBroom

v.

DynCorp

August 7, 1995

Case No. (Law) 139027

BY JUDGE STANLEY P. KLEIN

Defendant DynCorp's demurrer to Count II of plaintiff's Motion for Judgment is presently before this Court for consideration. After hearing oral argument, reading the parties' memoranda, and reviewing the applicable cases, the Court overrules the defendant's demurrer for the reasons set forth below.

Count II of the Motion for Judgment asserts an action for wrongful discharge. Plaintiff alleges that during the course of his employment with defendant, he became aware of certain improper billing procedures being practiced by DynCorp in connection with a government contract at Fort Belvoir. Plaintiff alleges that he attempted to bring these indiscretions to the attention of DynCorp management but was rebuffed. An investigation into the alleged improper procedures was conducted by the FBI with plaintiff's cooperation. As a result of these activities, plaintiff asserts that he was harassed by fellow employees at DynCorp and therefore was unable to perform his job duties. Plaintiff subsequently took a medical leave of absence. When he later attempted to confirm an extension of his leave of absence with defendant, he was informed that he had already been discharged. Plaintiff alleges that his discharge was in retaliation for his failure to assist the defendant with respect to the billing procedures utilized in the Fort Belvoir contract and for his cooperation with authorities investigating those procedures. Defendant contends that because plaintiff

was an at-will employee, it was entitled to terminate his employment for any reason or for no reason.

It cannot be questioned that the employment at will doctrine is firmly established in Virginia law. *Miller v. SEVAMP*, 234 Va. 462, 468 (1987); *Stonega Coal and Coke Co. v. Louisville and Nashville R.R. Co.*, 106 Va. 223, 226 (1906). However, in *Bowman v. State Bank of Keysville*, 229 Va. 534 (1985), the Virginia Supreme Court established an exception to this doctrine when an employee's discharge would violate an established Virginia public policy. In *Bowman*, certain shareholders of a corporation were fired for challenging a merger of that corporation. The merger was ratified by the shareholders only after they were threatened with discharge if they did not execute proxies in favor of it. Reasoning that former Va. Code § 13.1-32 (now § 13.1-662) granted these shareholders the right to vote their shares as they deemed appropriate, the Court held that the discharges were in violation of Virginia public policy and created a cause of action in tort for wrongful discharge. *Id.* at 540.

This exception to the employment at will doctrine also formed the basis for the Court's decision in *Lockhart v. Commonwealth Education Systems*, 247 Va. 98 (1994). In *Lockhart*, plaintiff Lawanda Lockhart alleged that she had been demoted and then discharged because of her opposition to Commonwealth College's racially discriminatory practices. The trial court sustained a demurrer to her claim of wrongful discharge. Relying on its decision in *Bowman* and language from its opinion in *SEVAMP*, the Supreme Court reversed. The Court held that the discharge violated the public policy set out in Va. Code § 2.1-725, that all persons be free of discrimination based on either race or gender. *Id.* at 105.

In his Motion for Judgment, plaintiff alleges that his discharge violated Virginia public policy as embodied in § 18.2-178 of the Virginia Code (larceny by false pretenses) and 31 U.S.C. § 3728 *et seq.* (Federal False Claims Act). DynCorp argues that McBroom's reliance on these statutes is misplaced for three separate reasons: (1) that the False Claims Act provides a specific cause of action for its violation and therefore cannot form the basis for a wrongful discharge claim under the *Bowman* exception; (2) that a claimant must be in the class intended to be protected by the statute in order to have standing to make a claim under the *Bowman* exception; and (3) that a claim under the *Bowman* exception can only arise from a violation of a *Virginia* statute which is factually related to the alleged rationale for the discharge. The Court will analyze each of DynCorp's arguments.

DynCorp's first argument, that the remedy set out in the False Claims Act precludes McBroom from claiming damages for wrongful termination, is based on the Circuit Court opinions in *Shields v. P. C. Expanders, Inc.*, 31 Va. Cir. 90 (Fairfax Co. 1993); and *Cauthorne v. King*, 30 Va. Cir. 202 (Richmond 1993). This argument ignores the Supreme Court's decision in *Lockhart*, which was decided after both *Shields* and *Cauthorne*. In *Lockhart*, the Supreme Court noted that a *Bowman* claim is not precluded merely because statutory remedies are "available." *Lockhart*, 247 Va. at 105. Indeed, the Court stated that "it is not uncommon that injuries resulting from one set of operative facts may give rise to several remedies, including common law tort remedies as well as federal statutory remedies." *Id*. Therefore, McBroom is entitled to pursue a common law tort claim, even though other remedies may be available.

DynCorp's second argument is presented without any authority that Virginia law *requires* that the plaintiff fall within the "protected class" under the statute. This Court is unwilling to create such a prerequisite for making a *Bowman* claim. However, even if this Court were convinced by this argument, plaintiff's pleadings at least imply that McBroom would fall within the protected class, as the victim alleged in the pleadings is the United States government. All citizens of the United States would be aggrieved by the false billing of the federal government. At the demurrer stage, such an implication is sufficient to overcome an attack on the sufficiency of plaintiff's pleadings. *See, CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22 (1993).

DynCorp's final argument is also without merit. Although the *Bowman* exception does not extend to discharges which violate only private rights or interests, it does encompass discharges which "violate public policy, that is, the policy underlying existing laws designed to protect the property rights, personal freedoms, health, safety, or welfare of the people in general." *SEVAMP*, 234 Va. at 468. Although the statutes whose policies were violated in *Bowman* and *Lockhart* were state statutes, no language in either of those Supreme Court opinions limited the applicable public policies to those underlying state, rather than federal statutes. In fact, in *Bowman*, the Court noted that it was relying in part on the decision in *Harless v. First National Bank in Fairmont*, 246 S.E.2d 270 (W. Va. 1978), wherein the Supreme Court of West Virginia held that a bank employee, discharged as a result of attempts to require his employer to comply with both state and federal consumer credit protection laws, had stated a cause of action for

wrongful termination. *See also, Seay v. Grace Jefferson Home*, 26 Va. Cir. 355 (1992).

Although this Court is aware of the Supreme Court's admonition in *SEVAMP* to leave "substantial alterations" of the employment at will doctrine to the wisdom of the General Assembly, *SEVAMP*, 234 Va. at 468,[1] this Court is unwilling to cut back the *Bowman* exception in the manner sought by DynCorp. To reach inconsistent results when the policy underlies state rather than federal *public* policies is to establish distinctions without a real difference. The citizens of the Commonwealth of Virginia are citizens of the United States, and any fraud perpetrated by a contractor on the federal government violates no lesser public policy in Virginia than a fraud on the coffers of the government of the Commonwealth.

As a result of the subsequent Virginia Supreme Court decision in *Lockhart*, this Court questions whether *White v. Federal Express Corp.*, 729 F. Supp. 1536, 1549-50 (E.D. Va. 1990), remains a valid precedent for the proposition advanced by DynCorp herein. Even if this Court did agree to limit *Bowman* claims to those arising out of the public policies embodied solely in Virginia's statutes, the result at this stage would be no different. If proven, DynCorp's alleged actions could constitute violations of Va. Code § 18.2-178 and therefore would be in contravention of policies protected by a Virginia statute.

Accordingly, DynCorp's demurrer to Count II of the Motion for Judgment is overruled. DynCorp is ordered to file its Grounds of Defense within fifteen days of the date of this letter opinion.

---

[1] As noted by DynCorp in its memorandum, this Court refused to extend the *Bowman* exception in its written opinion in *Vaughan v. DynCorp, et al.*, At Law No. 126349 (January 5, 1994, Klein, J.) [This case is printed below at page 516.].