## CIRCUIT COURT OF FAIRFAX COUNTY

Suzanne G. Smith

v.

Language Analysis Systems, Inc.

February 11, 1997

Case Nos. (Chancery) 146334, (Law) 155873

BY JUDGE STANLEY P. KLEIN

This case is before the Court on Defendant's demurrers to both counts of Ms. Smith's Bill of Complaint and Motion for Judgment. After considering the parties' oral and written arguments and the cited authorities, the Court sustains both demurrers for the reasons set out herein.

### I. *Background*

Both of Suzanne Smith's cases[1] seek relief stemming from her approximately ten month employment by the defendant, Language Analysis Systems, Inc. ("LAS" or "Defendant"). The crux of Plaintiff's claims is that (1) Defendant violated the Fair Labor Standards Act ("FLSA") by retaliating against her for her "protected activities" and (2) Defendant wrongfully terminated Plaintiff in contravention of Virginia public policy.

Plaintiff was hired as an administrative assistant by LAS in August of 1995. On January 1, 1996, Ms. Smith was promoted to the position of Director of Human Resources. In this position, she was required to handle compensation and overtime issues for Defendant's employees. Plaintiff claims she soon became concerned when she learned that Defendant had designated all of its

---

[1] Plaintiff has filed a case in chancery and a case at law arising from the same facts. In the chancery action, Plaintiff seeks an order precluding Defendant from retaliating against her. The law case asks for compensatory, punitive, and liquidated damages in addition to attorneys' fees and a court order requiring Defendant to rehire Ms. Smith.

employees "exempt" from the overtime provisions of the FLSA. Employers are not required to pay overtime pay for hours worked in excess of forty per week for employees who are designated "exempt." *See* 29 U.S.C. § 207(a), § 213.

Plaintiff took various actions to further educate herself and her employer. Ms. Smith called the Department of Labor ("DOL"), informally related information, and requested materials. She shared this information with Defendant's chief executive officer ("CEO") and conveyed her concern about the company's compliance with FLSA regulations. When Plaintiff learned that Defendant proposed limiting employees' hours to eight a day, Ms. Smith again reiterated her fears. After receiving no encouragement from management, Plaintiff called and explained the situation to Defendant's attorney.

In May of 1996, Plaintiff alleges that a new employee inquired as to what the overtime pay policy of LAS was. In response, Plaintiff spoke to the CEO again about possible FLSA violations. Ms. Smith claims she was told that the new employee would be "exempt" because LAS did not want to pay overtime to any of its employees. Shortly after this incident, Plaintiff alleges she was fired and management refused to give any reason for her termination. Plaintiff asserts that she only received praise while she was employed by LAS.

In Count I of both lawsuits, Plaintiff claims that Defendant violated the FLSA by firing her for engaging in activities protected by the FLSA. In Count II, Plaintiff alleges that Defendant wrongfully terminated her for her protected FLSA activities. She contends that it is the policy of both the United States and the Commonwealth of Virginia that employees who question their employer's compliance with the FLSA not be subjected to a retaliatory discharge.

## II. *Violation of Fair Labor Standards Act*

Defendant demurs to Count I in both lawsuits on the basis that Ms. Smith has failed to allege any acts on her part that are protected by the FLSA.[2] Under the FLSA:

> [i]t shall be unlawful for any person … to discharge or in any other manner discriminate against any employee because such employee had filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about

---

[2] Defendant also demurs on grounds that Plaintiff has not satisfied the "but for" causation requirement in her pleadings. *See McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1483 (10th Cir. 1996). As the Court sustains the demurrer on Defendant's protected activity ground, the second ground need not be addressed.

to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3) (1996). Based on a plain reading of the statute, Congress protected four specific acts: (1) filing a complaint against an employer, (2) instituting a proceeding against an employer under the FLSA, (3) testifying in any proceeding brought under the FLSA, and (4) serving on an industry committee. *Id.*

Plaintiff argues that Congress intended to protect activities beyond those listed in the anti-retaliation provision. She relies heavily on the United States Supreme Court's admonition to courts not to interpret the Fair Labor Standards Act "in a narrow, grudging manner." *Tennessee Coal, Iron & R.R. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944).

The federal circuits are split as to whether the legislated protection extends beyond the named activities or is limited to those explicitly set forth in the statute. Both the Third and the Eighth Circuits have ruled that the FLSA protects employees retaliated against when their employer erroneously believed that they had reported FLSA violations. *Brock v. Richardson*, 812 F.2d 121 (3d Cir. 1987); *Saffels v. Rice*, 40 F.3d 1546 (8th Cir. 1994). The Court of Appeals for the Tenth Circuit has held that refusing to give up a claim for back pay is protected by the FLSA. *Marshall v. Parking Co.*, 670 F.2d 141 (10th Cir. 1982). The Second Circuit, however, has ruled that complaining to a supervisor is not a protected activity under the statute. *Lambert v. Genesee Hosp.*, 10 F.3d 46 (2d Cir. 1993). Neither the United States Supreme Court nor the Virginia appellate courts have ruled on this issue. In addition, no persuasive authority from the Fourth Circuit was cited by either litigant.

Both parties rely on a Tenth Circuit decision handed down in September of 1996. In *McKenzie v. Renberg's, Inc.*, 94 F.3d 1478 (10th Cir. 1996), the Court of Appeals affirmed the trial court's entry of judgment as a matter of law in the employer's favor. Ms. McKenzie, the personnel director for Renberg's, alleged she had been fired for discussing her concerns about Renberg's compliance with the FLSA with a co-worker, the company's president, and the company's attorney. *Id.* at 1481. While acknowledging their liberal interpretation of the FLSA in other cases, the Court nonetheless held that such conduct was not protected by § 215(a)(3) of the Fair Labor Standards Act.

Despite our expansive interpretation of § 215(a)(3), we have never held that an employee is insulated from retaliation for participating in activities which are neither adverse to the company nor supportive of adverse rights under the statute which are asserted against the

company ... . Thus, it is the assertion of statutory rights (i.e., the *advocacy* of rights) by taking some action adverse to the company — whether via formal complaint, providing testimony in an FLSA proceeding, complaining to superiors about inadequate pay, or otherwise — that is the hallmark of protected activity under § 215(a)(3) ... . Here, McKenzie never crossed the line from being an employee merely performing her job as personnel director to an employee lodging a personal complaint about the wage and hour practices of her employer and *asserting* a right adverse to the company. McKenzie did not initiate a FLSA claim against the company on her own behalf or on behalf of anyone else. Rather, in her capacity as personnel manager, she informed the company that it was at risk of claims that might be instituted by others as a result of its alleged FLSA violations. In order to engage in protected activity under § 215(a)(3), the employee must step outside his or her role of representing the company and either file (or threaten to file) an action adverse to the employer, actively assist other employees in asserting FLSA rights, or otherwise engage in activities that reasonably could be perceived as directed towards the assertion of rights protected by the FLSA.

*Id.* at 1486-7.

Plaintiff herein argues that the protected actions she took included calling the Department of Labor, receiving materials from the Department of Labor, sharing this information as well as her concerns with Defendant's CEO repeatedly, and contacting Defendant's lawyer about possible FLSA violations. Based on her own allegations, Ms. Smith was the Director of Human Resources at LAS, and it was her job to handle employee compensation issues. Nothing she did extended beyond the scope of her position as Director of Human Resources. The facts alleged herein are virtually identical to the facts in *McKenzie*.

Basic principles of statutory construction support adoption of the Tenth Circuit's analysis in *McKenzie*. "[C]ourts must look first to the language of the statute. If a statute is clear and unambiguous, a court will give the statute its plain meaning." *Loudoun County Dept. of Social Services v. Etzold*, 245 Va. 80, 85 (1993). The FLSA provides that retaliation is illegal when an employee has "filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee." 29 U.S.C. § 215(a)(3). Congress unambiguously listed four activities that were

entitled to protection from retaliation. To include additional protected activities to those enumerated in the statute would, by judicial fiat, rewrite the statute. Any rewriting or expanding of a statute is for the legislature alone. *Anderson v. Commonwealth*, 182 Va. 560, 566 (1944). This Court adopts the analysis of the United States Court of Appeals in *McKenzie v. Renberg's, Inc.*, which is factually indistinguishable from the facts alleged herein. Accordingly, the demurrer to Count I is sustained in both cases, and those counts are dismissed.

### III. *Wrongful Termination*

Count Two of the Bill of Complaint and the Motion for Judgment allege that Ms. Smith was wrongfully terminated by LAS. Defendant demurred to this claim on the basis that Plaintiff failed to identify a specific Virginia statute which serves as the basis for a public policy that was violated. Both in her written memorandum and in oral argument, counsel for Plaintiff argued that the public policy arose from the federal statute, the FLSA. Plaintiff claimed that it was in the Commonwealth's best interest to ensure compliance with a federal law which regulates the hours and wages of all citizens, including those in Virginia.

Limited exceptions exist to the longstanding employment at will doctrine. The Virginia Supreme Court has recognized wrongful termination cases only in those situations where a statute furthering an established public policy is violated. *Bowman v. State Bank*, 229 Va. 534, 540 (1985); *Lockhart v. Commonwealth Educ. Sys. Corp.*, 247 Va. 98, 104-5 (1994); *Bailey v. Scott-Gallaher*, 253 Va. 121 (1997). The Virginia Supreme Court has not yet been confronted with a case in which a federal statute was the sole basis supporting the public policy.

In *Lawrence Chrysler Plymouth Corp. v. Brooks*, the Court reversed a plaintiff's jury verdict on a wrongful termination claim because the plaintiff failed to identify *any* statute which formed the basis of a public policy. 251 Va. 94 (1996). In dicta, the Court explained, "Brooks does not have a cause of action for wrongful discharge because he is unable to identify any *Virginia* statute establishing a public policy that Lawrence Chrysler violated." *Id.* at 98-9 (emphasis supplied); *see also, Bailey v. Scott-Gallaher*, 253 Va. 121 (1997). However, in a pre-*Lawrence Chrysler Plymouth Corp.* case, this Court held that the Federal False Claims Act could serve as the basis for a wrongful termination claim under Virginia law. *McBroom v. DynCorp.*, 38 Va. Cir. 109 (1995).

This Court need not decide whether the violation of a federal statute embodying a Virginia public policy can support a wrongful termination claim

because, as set out above, Plaintiff has not alleged facts which establish a violation of any statute. *See Lawrence Chrysler Plymouth Corp. v. Brooks,* 251 Va. 94 (1996); *Bailey v. Scott-Gallaher,* 253 Va. 121 (1997). The demurrers to Count II in each case are sustained, and these counts are also dismissed.

Plaintiff is granted leave to file an Amended Motion for Judgment and an Amended Bill of Complaint within fifteen days of the date of the entry of the order sustaining Defendant's demurrers.